## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS MORGAN, | § | |
| ID # 43381-177, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:14-CV-0617-B |
| | § | (No. 3:11-CR-0260-B) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the amended *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* filed March 12, 2014, (doc. 6), should be **DENIED** with prejudice.

### I.  BACKGROUND

Marcus Morgan (Movant), a federal prisoner, challenges his federal conviction and sentence in Cause No. 3:11-CR-260-B. The respondent is the United States of America (Government).

### A.     Factual and Procedural History

On August 10, 2011, Movant was charged by criminal complaint with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(5). (doc. 1.)[1] He testified at a detention hearing on August 12, 2011, that he knowingly possessed child pornography, and he received and traded the images on a peer-to-peer network. (doc. 12 at 61-69.) On September 7, 2011, Movant was charged by indictment with receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B). (*See* doc. 13.)

---

[1] Unless otherwise stated, all document numbers refer to the docket number assigned in the underlying criminal action. Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On November 3, 2011, Movant pled guilty pursuant to a plea agreement. (Docs. 18, 21.) In the plea agreement, he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (Doc. 18 at 6.)  He also signed a factual resume admitting facts sufficient to support his plea. (*See* doc. 17.)

On November 3, 2011, Movant appeared and entered a plea of guilty to the count one of the indictment pursuant to his plea agreement. (Docs. 18, 59.) During rearraignment, he acknowledged under oath that (1) he understood that he was under oath and that new charges could be filed against him if he said anything untrue; (2) he had thoroughly reviewed the indictment and fully understood the charges against him; (3) he had reviewed the plea agreement and the plea agreement supplement with his counsel and fully understood the documents; (4) he was fully satisfied with the advice and counsel his attorney gave him in this case; (5) no one had threatened or pressured him or offered any benefit of lighter sentence or beneficial agreement to plead guilty; (6) he was voluntarily pleading guilty because he was guilty; (7) he understood that in the plea agreement he was giving up the right to appeal except under certain circumstances; (8) he understood that by pleading guilty, he would be deprived of civil rights such as a right to vote, to hold public office, or possess a firearm; (9) he understood that he had the right to plead not guilty, have a full jury trial, be presumed innocent with no obligation to speak at trial or present evidence, and cross-examine the government's evidence; (10) he understood that he faced a sentence not less than five years and not to exceed 20 years; and (11) he had reviewed the factual resume with his counsel and he agreed with it. (Doc. 59 at 3-17.)

The Probation Office subsequently prepared a pre-sentence report (PSR) that recommended a two-level enhancement for possession of child pornography involving minors under 12 years old; a five-level enhancement for trading the child pornography images and videos through the file sharing programs; a four-level enhancement for possessing images containing sadistic and masochistic conduct; a two-level enhancement for using a computer to transmit and possess the child pornography; a five-level enhancement for possessing more than 600 images; and a three-level reduction for acceptance of responsibility. (PSR at 8-9.) The resulting guideline calculation was an offense level of 37 with a sentencing range of 210 to 262 months, but because the statutory maximum sentence was 240 months, the resulting guideline range was 210 to 240 months. (*Id.* at 17.) Movant was sentenced to 210 months imprisonment, followed by a ten-year term of supervised release on August 23, 2012. (Doc. 49.)

On September 3, 2012, Movant appealed his judgment and sentence to the Fifth Circuit Court of Appeals. (Doc. 52.) Movant's appellate counsel filed an *Anders* brief asserting that there were no nonfrivolous issues for appeal, along with a motion to leave to withdraw as counsel. Movant did not file a response. After its own independent review of the record and counsel's brief, the Fifth Circuit found that there were no nonfrivolous issues, granted the motion for leave to withdraw, and dismissed movant's appeal. *See United States v. Morgan*, 540 F. App'x 331 (5th Cir. 2013). Movant did not file a petition for writ of certiorari.

B.     **Substantive Claims**

In his amended 28 U.S.C. § 2255 motion,[2] he raises four grounds for relief. In ground one, Movant alleges that his sentence is excessive because U.S. Sentencing Guidelines Manual § 2G2.2

---

[2] Movant filed the original § 2255 motion on February 18, 2014 (3:14-CV-0617, doc. 2), but was ordered to re-file the motion using the appropriate form. (*Id.* doc. 4.)

is overly harsh. (3:14-CV–617, doc. 6 at 7.) In ground two, he contends that the Court erred when

it applied the five-level distribution enhancement. (*Id.*) In ground three, Movant argues that his

supervised release conditions are unconstitutional. (*Id.*) In ground four, he alleges that his counsel

was ineffective because he was ill prepared, inexperienced in sex crimes, and cared more about his

own personal affairs.  (*Id.* at 8.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

1996) (citations and internal quotation marks omitted). It is well established that "a collateral

challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.

1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Where a

§ 2255 movant has procedurally defaulted a claim by failing to raise it on direct review, the claim

may be raised in habeas only if he can first demonstrate either "cause" and actual "prejudice," or that

he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v.

Carrier*, 477 U.S. 478, 485 (1986); *Frady*, 456 U.S. at 167-68). However, "there is no procedural

default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a

criminal defendant to bring [such] claims on direct appeal does not promote the [ ] objectives" of

the procedural default doctrine, "to conserve judicial resources and to respect the law's important

interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The

Government may also waive the defense. *Willis*, 273 F.3d at 597.

### III. WAIVER

In his first three grounds for relief, Movant asserts that his sentence should be modified or vacated because the advisory guideline range under U.S. Sentencing Guidelines Manual § 2G2.2 is fatally flawed (3:14-CV-617, doc. 2 at 4-6), the application of the five-level distribution enhancement was error (*id.* at 7-9), and several of the supervised release conditions in his sentence are unconstitutional (*id.* at 9-16). The Government responds that Movant waived the first three grounds by signing the plea agreement and pleading guilty. (*Id.*, doc. 9 at 12-13.)

Movant voluntarily pled guilty and waived his right to collaterally attack his conviction except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 18 at 6.) Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his] right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir.1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id.*

Here, Movant does not contend that his waiver was uninformed and involuntary. During the rearraignment hearing, Movant was specifically asked whether he understood that he was giving up his right to file an appeal or writ of habeas corpus except under the specific circumstances outlined in the plea agreement. (Doc. 59 at 8.) He responded in the affirmative and stated that he had no reservations or concerns about the waiver. (*Id.* at 8-9.) Movant knowingly and voluntarily waived his right to contest his conviction and sentence in any collateral proceeding, except to challenge the

5

voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. Because his first three grounds fall outside this narrow exception, he may not assert them in this § 2255 motion, and they should be denied.[3]

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In ground four, Movant contends that his attorney was ineffective because he spoke to Movant only twice after the guilty plea even though he sought and received multiple continuances for personal reasons, and he ignored the case law Movant provided, failed to object to the five-level distribution enhancement, and was inexperienced in handling sex offenses.  (3:14-CV-0617, doc. 2 at 17-19.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI. To successfully state a claim of ineffective assistance of trial or appellate counsel, a movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v.*

---

[3] The Government also contends that Movant is procedurally barred from raising these claims because he failed to raise them on direct appeal. (3:14-CV-0617, doc. 9 at 13-14.) As noted, Movant's failure to raise a claim on direct appeal may procedurally bar him from raising the claim on collateral review. *Willis*, 273 F.3d at 595. To overcome the bar, Movant must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.* Movant asserts that his substantive arguments show cause and prejudice, and a fundamental miscarriage of justice. (3:14-CV-0617, doc. 10 at 4.) He does not explain his failure to raise the claims on direct appeal. His conclusory assertion of a fundamental miscarriage of justice also does not overcome the procedural bar. *See Simon v. Quarterman*, No. 3-07-CV-1793-D, 2008 WL 835619, at *1 (N.D. Tex. Mar. 26, 2008) ("Although petitioner alleges that there has been a 'fundamental miscarriage of justice,' this conclusory and unsubstantiated assertion is not enough to merit federal habeas review of a defaulted claim."). Movant's first three grounds are therefore procedurally barred as well.

*Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Movant contends that his attorney was ineffective because he spoke to Movant only twice after the guilty plea even though he sought and received multiple continuances for personal reasons. (3:14-CV-0617, doc. 2 at 17-18.)   He fails to explain how and why this constituted deficient performance.  Movant also fails to identify the case law he alleges his attorney ignored, or to show how the failure to rely on that case law was deficient conduct. These conclusory allegations of ineffectiveness are insufficient to demonstrate deficient performance. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009).

Movant's assertion that his attorney was deficient for failing to object to the five-level distribution enhancement is not supported by the evidence. Movant himself acknowledges that the Government's evidence that he distributed pornography included *his own statements* as well as those from a witness. (3:14-CV-0617, doc. 10 at 2-4.) He testified under oath at his detention hearing that

he had traded child pornography images. (Doc. 12 at 68.)  He has not shown that his attorney was ineffective for failing to object to the distribution enhancement. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (stating that a failure to raise a meritless objection is not ineffective assistance).

Although Movant contends that the attorney's inexperience in sex crimes establishes deficiency, inexperience alone does not support an ineffective assistance of counsel claim. *See United States v. Cronic*, 466 U.S. 648, 665 (1984) ("The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation."). He provides nothing more than his conclusory allegation to show how his attorney's performance was deficient.

Movant also fails to carry his burden to show that any prejudice has resulted from the alleged deficiencies. He merely concludes that since he has asserted that his attorney rendered ineffective assistance, it is reasonable to *presume* that there would have been a different outcome had his attorney been effective. (3:14-CV-0617, doc. 2 at 18.)  To satisfy the second-prong of the *Strickland* test, Movant may not simply allege, but must *affirmatively prove* actual prejudice resulting from the ineffective assistance of counsel. *See Strickland*, 466 U.S. at 693. In other words, he must affirmatively show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Movant has failed to carry his burden to support the ineffective assistance of counsel claim and this ground fails.

## V.  RECOMMENDATION

The amended *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**SO RECOMMENDED on this 15th day of June, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE